o

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| vs. | § | Civil Action No. L-12-176 |
| | § | Crim. Action No. L-09-2437 |
| | § | |
| GERARDO GARCIA | § | |
| | § | |

MEMORANDUM

This Defendant filed a Section 2255 Motion attacking his
2010 conviction for importing a Schedule II controlled
substance, conspiracy to possess with intent to distribute, and
possession with intent to distribute a quantity in excess of 50
kilograms of methamphetamine.  After a jury trial, he was found
guilty on all three counts.  He was sentenced to life
imprisonment on September 2, 2010.  (Crim. Dkt. 65 at 3.)  The
Defendant filed an appeal to the Fifth Circuit Court of Appeals,
which affirmed his conviction on August 16, 2011.  On November
5, 2005, the Defendant filed a barebones Section 2255 Motion and
a so-called "Motion for an Extension of Time to File a
'Memorandum of Law, Points, & Authorities' in Support of 28
U.S.C. 2255-Motion to Vacate, Set Aside, or Correct Sentence."
This Court granted the Defendant an extension of time until
December 17, 2012 to file a memorandum supporting his Section
2255 Motion.  (Crim. Dkt. 85.)

1

As a preliminary matter, the Government obliquely suggests that the Defendant's motion fails because it was untimely. (Crim. Dkt. 91 at 1-4). The Government concedes that the Defendant filed the barebones Section 2255 Motion within the statutory deadline. It is debatable whether the Defendant's subsequent memorandum would relate back to the time the original motion was filed. Nevertheless, the Court granted the Defendant an extension of time to file that memorandum (Crim. Dkt. 85.), and the Defendant delivered it to prison officials for delivery within the extension period. (Crim. Dkt. 86 at 13.) The Court finds that the statute of limitations for filing an adequate Section 2255 Motion was equitably tolled until the deadline given by the Court. See Prieto v. Quarterman, 456 F.3d 511, 514-16 (5th Cir. 2006) (applying equitable tolling when Section 2254 Motion was filed within extension of time granted by federal district court).

Turning to the merits of the Defendant's claims, he makes the inevitable claim of ineffective assistance of counsel. (Crim. Dkt. 83.) He broadly claims ineffective assistance at the pretrial, trial, sentencing, and appellate stages. (Id.) The Court has received responses to the motion from both the Government (Crim. Dkt. 91.) and the Defendant's defense counsel, Silverio Martinez ("Defense Counsel") (Crim. Dkt. 88.). The Court has also received Defendant's reply. (Crim. Dkt. 93.)

2

At the pretrial phase, the Defendant claims that Defense Counsel failed to inform him of a supposed plea offer of ten years and failed to furnish advice about that plea offer. (Crim. Dkt. 86 at 5-9.) He claims that Defense Counsel admitted in his appellate brief that he had not communicated the plea offer to the Defendant. (Id. at 7.) However, there is no such admission in the Defendant's appellate brief. (See Appellant Brief in Fifth Circuit Case No. 10-40866.)

Further, the record conclusively disproves the merits of this claim. It is clear that the Government made a plea offer, but not of ten years. (Minute Entry for Dec. 29, 2009.) Instead, the Government offered to drop one enhancement from Defendant's prior convictions, thus decreasing the mandatory sentence to twenty years instead of life in prison. (Id.) This plea offer was discussed in the Defendant's presence in open court. (Id.) The Defendant confirmed that he would instead proceed to trial. (Id.) The plea offer was again discussed in the Defendant's presence shortly before jury selection. (Second Minute Entry for Jan. 4, 2010.) Defense Counsel stated that he advised the Defendant to enter a guilty plea. (Id.) The Government stated that the plea offer would be withdrawn upon the start of jury selection. (Id.) Defense Counsel asked for and received a ten-minute delay so he could confer with the Defendant. (Id.) After this conference, Defense Counsel

3

informed the Court that the Defendant would proceed to trial. (Id.)   Therefore, the record conclusively shows that the Defendant knew about the plea offer, Defense Counsel advised the Defendant to take the plea offer, and the Defendant knew that, absent the plea offer, he would be subject a mandatory minimum life sentence upon conviction.

In his response, the Defense Counsel argues that the Government's delay in turning over recordings of the Defendant's jailhouse calls may have affected the Defendant's decision on whether to accept the offered plea agreement. (Crim. Dkt. 88 at 3.)   However, the Defendant does not argue that the late revelation of the recordings was caused by Defense Counsel's ineffective representation.   Further, at a pretrial conference, the Government agreed to the Court's request that it offer the recordings only as rebuttal to a duress defense. (See Minute Entry for Jan. 8, 2010; First Minute Entry for Jan. 11, 2010.) Moreover, once the Defendant was aware that his jailhouse calls had been recorded, he presumably was aware of what he had said. Finally, irrespective of the timing of the recordings' disclosure, Defense Counsel clearly advised the Defendant that he should plead guilty and not proceed to trial. (Second Minute Entry for Jan. 4, 2010.)   Accordingly, the Defendant's ineffective assistance claim fails as to the pretrial stage.

4

At the trial phase, the Defendant argues that his counsel was ineffective because he failed to effectively present a duress defense. (Crim. Dkt. 86 at 9-10.) However, Defense Counsel did present a duress defense, and he did so as effectively as possible given the state of the evidence. The Defendant testified about a visit from a purported member of La Familia cartel who threatened to hurt the Defendant's boys if he refused to make the drug transport. (Crim. Dkt. 69-2 at 22-28, 32.) Defense Counsel cross-examined a Government witness about jailhouse calls where the Defendant seemed to confirm that he had been under duress. (Crim. Dkt. 69-3 at 10-13.) Defense Counsel spent much of his closing argument talking about the duress defense. (Crim. Dkt. 70 at 17-20, 22-28.) Defense Counsel also requested a duress jury instruction (Crim. Dkt. 25), which the Court gave (Crim. Dkt. 70 at 60-64).

The Defendant asserts that "it is well established in the record that Movant both advised, [sic] defense counsel and law enforcement officials that he had been forced to transport the drugs in question by the threat of immediate harm to him and/or his immediate family." (Crim. Dkt. 86 at 10.) The only evidence he cites is "Report(s) of ICE SA Prisma Lopez." (Id.) However, Agent Lopez's reports were apparently never introduced into the record. (Crim. Dkt. 42 (exhibit list); Crim. Dkt. 69 (transcript) at 60-61.) Defendant gives no explanation as to

the content of these alleged reports, nor apparently did he mention them during his testimony.  The Defendant does not identify any other evidence that would have supported his duress defense.  It appears that the duress defense was vigorously presented by Defense Counsel.  The fact that the jury did not accept the defense does not mean that Defense Counsel rendered ineffective assistance.  The ineffective assistance claim fails as to the trial stage.

At the sentencing phase, the Defendant claims that his counsel should have investigated his prior convictions.  If Defense Counsel had done so, Defendant claims he could have "a) launch[ed] a collateral attack on the prior [sic] to deprive them of finality, and/or b) properly advise[d] Movant to tkae [sic] a plea offer . . . ."  (Crim. Dkt. 86 at 10-11.)  At the time of sentencing, a plea offer was no longer an option.  As to the possibility of a collateral attack on the two prior convictions, the Defendant has presented no factual support for his claim that there was a basis to attack the 2002 and 2005 convictions, both of which occurred in this Court.  Accordingly, the Defendant's ineffective assistance claim fails as to the sentencing stage.

At the appellate stage, the Defendant complains that Defense Counsel did not inform him of the outcome of his initial appeal, so the Defendant did not have a chance to file an appeal

with the United States Supreme Court. (<u>Id.</u>) Defense Counsel does not deny that he failed to inform the Defendant of the outcome of the appeal. (Crim. Dkt. 176 at 5-6.) Instead, he simply says that he "made the legal strategic decision to forgo pursuit of a writ of certiorari." (<u>Id.</u> at 5.) The Defendant also generally claims that, during the appellate phase, Defense Counsel should have "withdraw[n] from [the Defendant's] case due to extent [sic] of conflicting interests." (<u>Id.</u> at 11.) He does not elaborate upon any supposed conflict of interest, so the Court does not deal with this claim. <u>See</u> Rules Governing §2255 Proceedings, Rule 2(b)(2) (§2255 motion must "state the facts supporting each ground").

It appears that Defense Counsel violated a Fifth Circuit rule, which provides that "[c]ounsel must . . . forward the client a copy of the court of appeals' decision when issued" and, "[p]romptly after the court of appeals' decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court." Judicial Council of the Fifth Circuit's Plan for Representation on Appeal Under the Criminal Justice Act, §6, <u>available at</u> http://www.lb5.uscourts.gov/cja/cjaDocs/cja.pdf. Here, the appointed Defense Counsel does not deny that he failed to forward the Defendant the court of appeals' decision or inform

7

him of his right to seek a writ of certiorari.  In other cases where attorneys did not inform defendants of the right to seek certiorari, the Fifth Circuit has withdrawn and reissued its mandate, thus providing defendants with a second chance to pursue the writ.  <u>United States v. Johnson</u>, 308 F. App'x 768 (5th Cir. 2009) (per curiam) (unpublished) (withdrawing and reissuing mandate in appointed counsel case); <u>Lacaze v. United States</u>, 457 F.2d 1075 (5th Cir. 1972) (withdrawing and reissuing mandate in retained counsel case).  Obviously, this Court is without power to withdraw the Fifth Circuit's mandate.  However, the Court will issue a certificate of appealability on the limited issue regarding the Defendant's claim that the Defense Counsel failed to inform him of the result of his appeal and his right to seek certiorari.  <u>See</u> <u>Esquivel v. United States</u>, No. 3:10-cv-2417-L, 2012 WL 5807193 (N.D. Tex. 2012).  This remedy should give the Defendant an opportunity to ask the Fifth Circuit to withdraw its mandate.

The Court concludes that most of the Defendant's ineffective assistance of counsel claims fail for lack of merit and shall be DISMISSED.  The exception is the claim that the Defense Counsel was ineffective for failing to "notify [the Defendant] in writing of the outcome of [his] appeal and whether he would like to seek review via 'Writ of Certiorari[.]'" (Dkt. 86 at 4).  This claim has merit, but the Court cannot provide

the appropriate remedy.   The Court will issue a certificate of appealability on this limited issue.   If the Defendant intends to appeal this Judgment, he must file a notice of appeal "with the district clerk within 30 days after entry" of this Court's judgment.   Fed. R. App. P. 4(a)(1)(A).

DONE at Laredo, Texas, this 27th day of September, 2013.

George P. Kazen
Senior United States District Judge